IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

2011 MAY -6  AM 11: 21

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| CLAIRE DUBE, | § | |
| Plaintiff, | § | SA11CA0354 XR |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, | § | |
| Defendant. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes CLAIRE DUBE, hereinafter referred to as Ms. Dube or as the Plaintiff, complaining of the TEXAS HEALTH AND HUMAN SERVICES COMMISSION., hereinafter referred to as the Commission or as the Defendant, and, for her cause of action against the Defendant, Plaintiff would respectfully show this Honorable Court as follows:

### NATURE OF THE CASE

(1)     This is a civil action brought by the Plaintiff CLAIRE DUBE against the Defendant TEXAS HEALTH AND HUMAN SERVICES COMMISSION, wherein the Plaintiff alleges that her former employer, the Defendant, discriminated against her on the basis of a perceived disability, in violation of the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101, et seq.

### JURISDICTION

(2)     This Court has jurisdiction of this civil action pursuant to the provisions of 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

### VENUE

(3)     Venue of this civil action in the San Antonio Division of the Western District of

Texas, San Antonio Division is proper under 42 U.S.C. § 2000e-5(f)(3) in that the unlawful employment practices which Plaintiff alleges Defendant committed occurred in the San Antonio Division of the Western District of Texas.

## PARTIES

(4)     The Plaintiff, CLAIRE DUBE, is a female citizen of the United States, and is a resident of the State of Alaska.  At all times material and relevant hereto, Ms. Dube was an "employee" of the TEXAS HEALTH AND HUMAN SERVICES COMMISSION, as that term is defined at 42 U.S.C. § 2000e(f).

(5)     The Defendant, TEXAS HEALTH AND HUMAN SERVICES COMMISSION, is an agency of the State of Texas.  At all times material and relevant hereto, the Defendant was Ms. Dube's "employer," as that term is defined at 42 U.S.C. § 2000e(b).  For purposes of applying the provisions of 42 U.S.C. § 1981a, Plaintiff alleges that Defendant had more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year. Said Defendant may be served with summons herein by delivering the same to the Executive Commissioner of the Texas Health and Human Services Commission, Thomas M. Suehs, at 4900 North Lamar Blvd., Austin, Travis County, Texas.

## FACTS

(6)     The Plaintiff was hired by the Defendant on September 14, 2009 as an Eligibility Technician II.  She worked out of the Defendant's San Antonio, Texas location.  She remained employed by the Defendant as an Eligibility Technician II until May 13, 2010, at which time she was advised by her supervisor, Melissa Torres, that she was being discharged.  She subsequently received a letter dated May 13, 2010, from Grace Moser, Regional Director, setting forth the reason for her

dismissal.  The reason for discharge that was stated by Ms. Moser to Ms. Dube was that she was a probationary employee subject to being dismissed for any non-discriminatory reason at any time during her probationary period (which was stated to be her first twelve months of employment), "if it is determined the employee was not suited for the assigned position." Although Ms. Moser did not expressly so state, she implied that Ms. Dube was being discharged because she was not suited for her assigned position. Ms. Dube alleges that Ms. Moser's stated reason for her discharge is false and pretextual. Ms. Dube alleges that she was very well suited for her assigned position, and had, in fact, been commended for her performance.  Ms. Dube alleges that the real reason she was discharged was that the Agency regarded her as being disabled.

(7)    After being denied the right to grieve her dismissal, Ms. Dube, on August 26, 2010, filed a charge of discrimination with the San Antonio Field Office of the U.S. Equal Employment Opportunity Commission (the EEOC), wherein she alleged that the Agency discharged her from her employment with the Agency because the Agency regarded her as being disabled.

(8)    In response to her charge of discrimination, the Agency stated to the EEOC that Ms. Dube was discharged by the Defendant not because she was not suited for her assigned position, but because she was unable to return to work and had exhausted all leave to which she was entitled.

(9)    Ms. Dube alleges that the reason stated by the Defendant to the EEOC is also false and pretextual.  The only reason that was stated to Ms. Dube at the time of her discharge was that she was not suited for her assigned position. Ms. Moser did not state to Ms. Dube that she was being discharged because she was unable to return to work and had exhausted all leave available to her. In fact, Mr. Moser did not say anything at all to Ms. Dube about her absence from work or exhaustion of leave.

3

(10)    In addition, Ms. Dube alleges that she advised the Agency on May 6, 2010 (only a week before she was fired) that she expected to be able to return to work sometime during the week of May 24, 2010, to which the Agency made no response.

(11)    Ms. Dube also alleges that she was advised by the Agency on March 29, 2010 that she had exhausted her available paid leave on March 3, 2010, and that she was on leave without pay (in which status she could remain for up to 12 months), but that she could apply for additional paid leave under the Agency's Sick Leave Pool program or under the Agency's extended sick leave policy. Ms. Dube timely submitted her application for additional paid leave, but was informed by the Agency on May 6, 2010, without explanation, that she was not eligible for additional paid leave from the Sick Leave Pool or for extended sick leave.

(12)    The EEOC issued a Notice of Right to Sue, at Ms. Dube's request, on February 10, 2011, and this civil action has been timely filed.

## CAUSE OF ACTION

(13)    The Plaintiff CLAIRE DUBE now brings this civil action against the Defendant TEXAS HEALTH AND HUMAN SERVICES COMMISSION alleging that she was discharged because the Defendant regarded her as being disabled in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. As relief from said violation, Plaintiff seeks reinstatement to her former position, all back pay and benefits lost by her as a result of being unlawfully discharged, interest on back pay, and compensatory damages. Plaintiff also seeks to recover her reasonable and necessary attorney's fees and all costs of court incurred by her herein.

## JURY DEMAND

(14)    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury of her claims herein.

WHEREFORE, the Plaintiff, CLAIRE DUBE, respectfully prays that summons be issued and served upon the Defendant, TEXAS HEALTH AND HUMAN SERVICES COMMISSION, and that, upon final hearing hereof, Plaintiff shall have and recover judgment of and from the Defendant granting the relief requested hereinabove.

Respectfully submitted,

GLEN D. MANGUM
State Bar No. 12903700

924 Camaron
San Antonio, Texas 78212-5111
Telephone No. (210) 227-3666
Telecopier No. (210) 320-3445

**ATTORNEY FOR PLAINTIFF
CLAIRE DUBE**