IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLAIRE DUBE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-11-CA-0354-XR |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION and | § | |
| THOMAS M. SUEHS, Executive | § | |
| Commissioner of the Texas Health and | § | |
| Human Services Commission, | § | |
| Defendants. | § | PLAINTIFF DEMANDS A JURY TRIAL. |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

Now comes CLAIRE DUBE, hereinafter referred to as Ms. Dube or as the Plaintiff, complaining of the TEXAS HEALTH AND HUMAN SERVICES COMMISSION, hereinafter referred to as the Commission, and THOMAS M. SUEHS, hereinafter referred to as Mr. Suehs or as the Commissioner, and, for her causes of action against said Defendants, Plaintiff would respectfully show this Honorable Court as follows:

## NATURE OF THE CASE

(1) This is a civil action brought by the Plaintiff CLAIRE DUBE against the TEXAS HEALTH AND HUMAN SERVICES COMMISSION and THOMAS M. SUEHS, in his official capacity as Executive Commissioner of the Texas Health and Human Services Commission. Plaintiff alleges that said Defendants discriminated against her on the basis of a perceived disability, by discharging her from her employment with the Commission on May 13, 2010, in violation of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, and the Americans With Disabilities Act, as amended, 42 U.S.C. § 12101, et seq.

## JURISDICTION

(2) This Court has jurisdiction of this civil action pursuant to the provisions of 28 U.S.C. §§ 1331 and/or 1343.

## VENUE

(3) Venue of this civil action in the San Antonio Division of the Western District of Texas, San Antonio Division is proper in that the unlawful employment practice which Plaintiff alleges Defendants committed occurred in the San Antonio Division of the Western District of Texas.

## PARTIES

(4) The Plaintiff, CLAIRE DUBE, is a female citizen of the United States, and is a resident of the State of Alaska. At all times material and relevant hereto, Ms. Dube was an "employee" of the TEXAS HEALTH AND HUMAN SERVICES COMMISSION, as that term is defined at 42 U.S.C. § 12111(4), and was a qualified individual with a disability, as defined by 29 U.S.C. § 705 (20) (B) and 42 U.S.C. § 12102.

(5) The Defendant, TEXAS HEALTH AND HUMAN SERVICES COMMISSION, is an agency of the State of Texas. At all times material and relevant hereto, the Defendant was Ms. Dube's "employer," as that term is defined at 42 U.S.C. § 12111(5). To the best of Plaintiff's knowledge, information and belief, the Commission receives and/or distributes federal financial assistance and is therefore subject to the provisions of 29 U.S.C. § 794 prohibiting discrimination against qualified individuals with disabilities.

For purposes of applying the provisions of 42 U.S.C. § 1981a, Plaintiff alleges that Defendant had more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

(6)     The Defendant, THOMAS M. SUEHS, is the Executive Commissioner of the Texas Health and Human Services Commission, and, as such, is the head of the agency.

**FACTS**

(7)     The Plaintiff was hired by the Commission on September 14, 2009 as an Eligibility Technician II, and worked at the Commission's San Antonio, Texas location.  She remained employed by the Commission as an Eligibility Technician II until May 13, 2010, at which time she was advised by her supervisor, Melissa Torres, that she was being discharged.  She subsequently received a letter dated May 13, 2010, from Grace Moser, Regional Director for the Commission, setting forth the reason for her dismissal.  The reason for discharge that was stated by Ms. Moser to Ms. Dube was that she was a probationary employee subject to being dismissed for any non-discriminatory reason at any time during her probationary period (which was stated to be her first twelve months of employment), "if it is determined the employee was not suited for the assigned position."  Although Ms. Moser did not expressly so state, she implied that Ms. Dube was being discharged because she was not suited for her assigned position.  Ms. Dube alleges that Ms. Moser's stated reason for her discharge is false and pretextual.  Ms. Dube alleges that she was very well suited for her assigned position, and had, in fact, been commended for her performance.  Ms. Dube alleges that the real reason she was discharged was that the Commission regarded her as being disabled.

(8)     Prior to being discharged, Plaintiff had been absent from work for a period of approximately eleven (11) weeks being treated for and attempting to recuperate from a serious medical condition that had disabled her from working during that period of time.  Plaintiff alleges that, despite her assurances to the Commission that she would soon be able to return to work, the Commission concluded that she was permanently disabled and decided to discharge her rather than

3

await her return to work.

(9) After being denied the right to grieve her discharge, Ms. Dube, on August 30, 2010, filed a charge of discrimination with the San Antonio Field Office of the U.S. Equal Employment Opportunity Commission (the EEOC), wherein she alleged that the Commission discharged her from her employment with the Commission because the Commission regarded her as being disabled.

(10) In response to her charge of discrimination, the Commission stated to the EEOC that Ms. Dube was discharged not because she was not suited for her assigned position, but because she was unable to return to work and had exhausted all leave to which she was entitled.

(11) Ms. Dube alleges that the reason stated by the Commission to the EEOC is also false and pretextual. The only reason that was stated to Ms. Dube at the time of her discharge was that she was not suited for her assigned position. Ms. Moser did not state to Ms. Dube that she was being discharged because she was unable to return to work and had exhausted all leave available to her. In fact, Mr. Moser did not say anything at all to Ms. Dube about her absence from work or exhaustion of leave.

(12) In addition, Ms. Dube alleges that she advised the Commission on May 6, 2010 (only a week before she was fired) that she expected to be able to return to work sometime during the week of May 24, 2010, to which the Commission made no response.

(13) Ms. Dube also alleges that she was advised by the Commission on March 29, 2010 that she had exhausted her available paid leave on March 3, 2010, and that she was on leave without pay (in which status she could remain for up to 12 months), but that she could apply for additional paid leave under the Commission's Sick Leave Pool program or under the Commission's extended sick leave policy. Ms. Dube timely submitted her application for additional paid leave, but was informed by the Commission on May 6, 2010, without explanation, that she was not eligible for

additional paid leave from the Sick Leave Pool or for extended sick leave.

(14)    The EEOC issued a Notice of Right to Sue, at Ms. Dube's request, on February 10, 2011, and this civil action was timely filed on May 6, 2011, within 90 days of the date of her receipt of said notice of right to sue.

## CAUSES OF ACTION

(15)    Based upon the above and foregoing statement of facts, the Plaintiff, CLAIRE DUBE, now brings this civil action against the Defendant TEXAS HEALTH AND HUMAN SERVICES COMMISSION under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, alleging that she was discharged because the Commission regarded her as being disabled, in violation of the Act. As relief from the Commission, Plaintiff seeks reinstatement to her former position of employment with the Commission, front pay in lieu of reinstatement, all back pay and benefits lost by her as a result of being unlawfully discharged, interest on back pay, and compensatory damages. Plaintiff also seeks to recover her reasonable and necessary attorney's fees and all costs of court incurred by her herein.

(16)    Based upon the above and foregoing statement of facts, the Plaintiff, CLAIRE DUBE, also brings this civil action against the Defendant THOMAS M. SUEHS, in his official capacity, alleging that she was discharged because the Commission regarded her as being disabled, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12112. As relief from Mr. Suehs, Plaintiff seeks reinstatement to her former position of employment with the Commission, front pay in lieu of reinstatement, attorney's fees and court costs.

## JURY DEMAND

(16)    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of her claims herein.

WHEREFORE, the Plaintiff, CLAIRE DUBE, respectfully prays that summons be issued and served upon each of the Defendants, and that, upon final hearing hereof, Plaintiff shall have and recover judgment of and from the Defendant granting the relief requested hereinabove.

Respectfully submitted,

/s/ Glen D. Mangum
GLEN D. MANGUM
State Bar No. 12903700

924 Camaron
San Antonio, Texas 78212-5111
Telephone No. (210) 227-3666
Telecopier No. (210) 320-3445

**ATTORNEY FOR PLAINTIFF
CLAIRE DUBE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Drew L. Harris
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

/s/ Glen D. Mangum
GLEN D. MANGUM