IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLAIRE DUBE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 5:11-cv-354-XR |
| | § | |
| TEXAS HEALTH AND HUMAN SERVICES | § | |
| COMMISSION and THOMAS M. SUEHS, | § | |
| Executive Commissioner of the Texas Health | § | |
| and Human Services Commission, | § | |
| Defendants. | § | |

## DEFENDANTS' SECOND MOTION TO DISMISS

TO THE HONORABLE XAVIER RODRIGUEZ:

Defendants Texas Health and Human Services Commission ("HHSC") and Thomas M. Suehs ("Suehs") file this Second Motion to Dismiss in response to Plaintiff's First Amended Complaint [Doc. No. 5].

Plaintiff's claims should be dismissed pursuant to FED. R. CIV. PRO. 12(b)(1) and 12(b)(6). ***First***, to the extent Plaintiff's claim against Commissioner Suehs in his official capacity seeks "front pay" monetary compensation, the *Ex parte Young* exception to Suehs' sovereign immunity is inapplicable, and sovereign immunity bars her claim. ***Second***, Plaintiff fails to state a claim under either the Americans With Disabilities Act ("ADA") or the Rehabilitation Act of 1973 ("Rehab Act") because she alleges a temporary medical recovery rather than a "disability."

# I.
# INTRODUCTION & BACKGROUND

For purposes of this motion, Plaintiff Claire Dube's allegations are accepted as true. HHSC hired Ms. Dube on September 14, 2009 as an Eligibility Technician II. First Amended Complaint ("Compl.") ¶ 7. She was terminated eight months later on May 13, 2010 during her "probationary period" as a new employee, which lasted the first twelve months of employment. *Id.* Probationary employees were subject to being dismissed for any non-discriminatory reason at any time during the twelve month period "if it is determined the employee was not suited for the assigned position." *Id.*

Plaintiff alleges she was absent for work for approximately 11 weeks while being treated for an unstated medical condition that temporarily left her unable to work. *Id.* ¶ 8. (This 11-week absence represented approximately $1/3^{rd}$ of the 34 weeks she worked at HHSC.) Plaintiff affirmatively alleges that she was only temporarily impaired and was recuperating. *Id.* She also affirmatively alleged that she told HHSC on May 6, 2010 that it was only temporary and that she would be able to return to work soon. *Id.* ¶¶ 8, 12.

As a probationary employee who had not worked at HHSC for the past 12 months, Plaintiff did not qualify for leave under the Family and Medical Leave Act, and she was advised that she exhausted her paid leave on March 3, 2010. *Id.* ¶ 13. On May 13, 2010, she was advised that she was being terminated. *Id.* ¶ 7. Plaintiff alleges that the only reason stated to her at the time of her discharge was that she was a probationary employee who could be fired for any non-discriminatory reason if she was not suited for her assigned

position.  *Id*. ¶ 7.  Plaintiff was later told she was terminated because she was unable to return to work and had exhausted all leave to which she was entitled.  *Id*. ¶ 10.

Plaintiff makes the conclusory allegation that these reasons were pretextual and that HHSC regarded her as permanently disabled, without alleging any facts to support either allegation.  *Id*. ¶ 8.  Plaintiff timely filed a discrimination charge and requested a Notice of Right to Sue, which she received on February 10, 2011.  *Id*. ¶¶ 9, 14.

Plaintiff initially only alleged an ADA claim against HHSC.  *See* Doc. No. 1 (Original Complaint).  In response to a Motion to Dismiss raising sovereign immunity, Plaintiff amended her ADA claim as an *Ex Parte Young* claim against Commissioner Suehs seeking reinstatement, front pay in lieu of reinstatement, attorney's fees and court costs.  Compl. ¶ 16. Plaintiff also asserts a Rehab Act claim against HHSC.  *Id*. ¶ 15.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6).  "A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under rule 12(b)(6)." *August Trading Inc. v. United States Agency For Int'l Dev.,*67 F. Supp. 2d 964 (S.D. Tex. 2001).

In analyzing a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d

464, 467 (5th Cir. 2004).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (citations, quotation marks, and brackets omitted). Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by ***mere conclusory statements do not suffice***."  *Id.* (emphasis added).

## III.
## ARGUMENT

**A.     Plaintiff's Revised ADA Claim Is Still Barred by Sovereign Immunity to the Extent It Seeks "Front Pay" Monetary Relief Against Commissioner Suehs.**

Plaintiff's initial ADA claim against state entity HHSC was barred by sovereign immunity.  *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001).  Plaintiff repackaged her ADA claim as an *Ex Parte Young* doctrine claim against Suehs in his official capacity.  The principle of sovereign immunity generally precludes actions against state officers in their official capacities, *see Edelman v. Jordan*, 415 U.S. 651, 663-69 (1974), subject to the exception raised in *Ex parte Young,* 209 U.S. 123 (1908).

The "*Ex parte Young* doctrine allows federal jurisdiction over a suit against a state official in certain situations where that suit seeks ***only prospective injunctive relief*** in order

to end a continuing violation of federal law." *Walker v. Livingston*, 381 Fed. Appx. 477, 478 (5th Cir. 2010) (emphasis added, citing *Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1132 (1996)). A claim for damages, on the other hand, "cannot overcome the Eleventh Amendment's barrier even with the help of *Ex parte Young*." *Walker,* 381 Fed. Appx. 479. "Federal courts may not award retrospective relief, for instance, **money damages or its equivalent**, if the State invokes its immunity." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (emphasis added).

Courts have held that reinstatement alone may be considered "prospective injunctive relief." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 323 (5th Cir. 2008). However, Plaintiff asserts an ADA claim against Suehs that asks for more than reinstatement; she also seeks "front pay in lieu of reinstatement." Compl. ¶ 15. To the extent Plaintiff seeks money from the State's coffers in her ADA claim against Suehs, she "cannot overcome the Eleventh Amendment's barrier even with the help of *Ex parte Young*." *Walker,* 381 Fed. Appx. 479.

Accordingly, to the extent Plaintiff's ADA claim seeks "front pay" monetary relief, her claim should be dismissed pursuant to Rule 12(b)(1).

**B.      Plaintiff Fails to State ADA and Rehab Act Claims Because She Alleges She Had a Temporary Condition Rather than a Disability.**

The ADA and the Rehab Act are parallel statutes prohibiting disability discrimination. They are "judged under the same legal standards, and the same remedies are available under both Acts." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). "The language in the ADA generally tracks the language set forth in the [Rehab Act]," and "[j]urisprudence interpreting either section is applicable to both." *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567,

574 (5th Cir. 2002).

To state a claim under the Rehabilitation Act, Plaintiff must allege that: (1) she is an "individual with a disability"; (2) who is "otherwise qualified"; (3) who worked for a "program or activity receiving Federal financial assistance"; and (4) that she was discriminated against "solely by reason of her disability."  29 U.S.C. § 794(a); *see also Hileman v. City of Dallas, Tex.*, 115 F.3d 352, 353 (5th Cir. 1997).  A disability is defined as "a mental or physical impairment [which] must substantially limit an individual's ability to perform at least one major life activity." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655 (5th Cir.2003).

A person may be is disabled under both Acts if she "either (1) actually is disabled, (2) is regarded as being disabled, or (3) has a record of being disabled." *Dupre v. Charter Behavioral Health Sys.*, 242 F.3d 610, 613 (5th Cir. 2001).  In this case, there are no ***facts*** alleged that indicate that Ms. Dube is actually disabled, regarded by HHSC as disabled, or had a record of being disabled.

Instead, the alleged facts ***affirmatively negate*** a finding of disability.  Ms. Dube affirmatively alleges that instead of being permanently disabled, she was only temporarily impaired and was recuperating from an unspecified medical condition.  Compl. ¶ 8.  "[T]emporary, non-chronic impairments of short duration, with little or no longer term or permanent impact, are usually not disabilities."  *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

As Chief Judge Head noted in *Washburn v. Harry*, 2009 WL 3007919 (S.D. Tex.

2009), "[s]everal courts have held that temporary conditions following surgery, eventually

ending in full recovery, are not disabilities." *Id*. at *3 (citing *Pryor*, 138 F.3d at 1028; and

*Bennett v. Calabrian Chems. Corp.*, 126 Fed. Appx. 171, 172 (5th Cir. 2005)).

The *Bennett* case is particularly applicable here, where Ms. Dube alleges she was

temporarily unable to work for 11 weeks to recover from a medical condition.  In *Bennett*, the

Fifth Circuit held that the plaintiff was not disabled, nor regarded as disabled, despite taking

26 weeks of short-term disability leave to recover from surgery.  *Bennett*, 126 Fed. Appx. at

172.  Like in *Bennett*, here the "fact that [Ms. Dube] was "temporarily off work for a medical

condition and surgery does not mean that [she] was disabled under the ADA."  *Id*.

Another case providing direct guidance here is *McDonald v. Com. of Pa., Dept. of

Public Welfare, Polk Center*, 62 F.3d 92 (3rd Cir. 1995).  There, the Court of Appeals

affirmed the Rule 12(b)(6) dismissal of ADA and Rehab Act claims where the plaintiff was

terminated while recovering from surgery over two months:

> [I]t is clear that the plaintiff in the case before us cannot qualify for relief
> under the Disabilities Act or the Rehabilitation Act.  As the complaint reveals,
> her inability to work caused by the surgery was of limited duration. She
> entered the hospital on December 25, 1992, and would have been able to return
> to her duties at Polk on February 15, 1993, a period of less than two months.
> Although she was incapacitated for these weeks, her inability to work was not
> permanent, nor for such an extended time as to be of the type contemplated by
> the statutes she cites.

*Id*. at 96.  Following the guidance of *Bennett* and *McDonald*, Ms. Dube's allegations fail to

show that she is an "individual with a disability."

In addition to not being actually disabled, there is no allegation of having a "record of

being disabled," and only a conclusory allegation that she was "regarded as disabled."

Compl. ¶ 7.  However, "mere conclusory statements do not suffice."  *Iqbal*, 129 S.Ct. at 1949.  There are no facts alleged that suggest she was regarded by HHSC as disabled.  Instead, Ms. Dube affirmatively alleges facts to the contrary.  She alleges she told HHSC on May 6, 2010 she would be able to return to work soon.  Compl. ¶¶ 8, 12.  She further alleges that HHSC told her she was not eligible for extended sick leave.  *Id*. ¶ 13.

Ms. Dube does not even allege what "disability" she was supposedly regarded as having.  The Fifth Circuit has made clear in the context of Rehab Act claims that plaintiffs must plead concrete facts and not mere legal conclusions.  In *Dark v. Potter*, 293 Fed. Appx. 254 (5th Cir. 2008), the Fifth Circuit affirmed the Rule 12(b)(6) dismissal of a Rehab Act claim where plaintiff "does not state the nature of her disability or its imposed limitations on her life…."  *Id*. at 259.  In *Dark*, a discharged postal employee alleged disability discrimination, but did not allege facts about her disability.  *Id*. at 256.  The district court dismissed the claim for failing to allege facts showing that plaintiff was an individual with a disability.  *Id*.  The Fifth Circuit agreed, noting: "While complaints are liberally construed, we need not accept as true these largely conclusory allegations."  *Id*. at 259.

The Fifth Circuit is joined by other circuit courts dismissing inadequately pled Rehab Act claims.  *See Zankel v. Temple Univ*., 245 Fed. Appx. 196, 199 (3rd Cir. 2007) (affirming Rule 12(b)(6) dismissal of ADA and Rehab Act claims); *McMichael v. Henderson*, 229 F.3d 1153, 2000 WL 1140755, *1 (6th Cir. 2000) (unpublished) (affirming dismissal of Rehab Act claim for failure to state a claim where "McMichael did not sufficiently allege that she is disabled.")

Accordingly, both Plaintiff's ADA and Rehab Act claim should be dismissed under

Rule 12(b)(6) for failure to state a claim.

## IV.
## CONCLUSION

For the reasons stated, the Court should dismiss Plaintiff's lawsuit.

Dated: July 29, 2011                    Respectfully submitted,

                                        GREG ABBOTT
                                        Attorney General of Texas

                                        DANIEL T. HODGE
                                        First Assistant Attorney General

                                        BILL COBB
                                        Deputy Attorney General for Civil Litigation

                                        DAVID C. MATTAX
                                        Director of Defense Litigation

                                        ROBERT B. O'KEEFE
                                        Chief, General Litigation Division

                                        /s/ Drew L. Harris
                                        **DREW L. HARRIS**
                                        Texas Bar No. 24057887
                                        Assistant Attorney General
                                        General Litigation Division
                                        P.O. Box 12548, Capitol Station
                                        Austin, Texas 78711-2548
                                        (512) 463-2120
                                        (512) 320-0667 (FAX)

                                        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via Electronic Filing Notification System on this the 29th day of July, 2011, to:

Glen D. Mangum
Attorney At Law
924 Camaron
San Antonio, Texas 78212-5111
gmangum@sbcglobal.net
*Attorney for Plaintiff*

/s/ Drew L. Harris
DREW L. HARRIS