UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLAIRE DUBE, § § *Plaintiff*, § § v. § § TEXAS HEALTH AND HUMAN § SERVICES COMMISSION and THOMAS § M. SUEHS, Executive Commissioner of the § Texas Health and Human Services § Commission, § § *Defendants*. § | Civil Action No. SA-11-CV-354-XR |

**ORDER ON DEFENDANTS' SECOND MOTION TO DISMISS**

On this date, the Court considered Defendants' Second Motion to Dismiss (Docket No. 8). Having considered the motion and the applicable law, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss.

**I. Background**

Plaintiff Claire Dube was hired by the Texas Health and Human Services Commission ("the HHSC") on September 14, 2009, and remained employed there until May 13, 2010, at which time she was advised by her supervisor that she was being discharged. Plaintiff alleges that she was absent from work during that time approximately eleven weeks "being treated for and attempting to recuperate from a serious medical condition that had disabled her from working during that period of time." Am. Compl. ¶ 8, Plaintiff alleges that on May 6, 2010, she advised HHSC that she could return to work on May 24, 2010, but HHSC "concluded that she was permanently disabled and decided to discharge her rather than await her return to work." *Id.* In a letter dated May 13, 2010,

Grace Moser, Regional Director for HHSC, informed Plaintiff that she was a probationary employee subject to being dismissed for any non-discriminatory reason at any time during her probationary period, if it was determined the employee was not suited for the assigned position. Plaintiff claims this reason is false and pretextual because she is very well suited for her assigned position. Plaintiff alleges that the HHSC's actual reason for letting her go was that the HHSC regarded her as disabled.

On August 30, 2010, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("the EEOC"), wherein she alleged that HHSC discharged her from her employment because HHSC regarded her as being disabled. Defendant responded that Plaintiff was discharged because she was unable to return to work and had exhausted all leave to which she was entitled.

Plaintiff brings a claim against HHSC, alleging she was improperly discharged because HHSC regarded her as being disabled, in violation of Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. She also sues Thomas M. Suehs in his official capacity, alleging that HHSC improperly terminated her because it regarded her as disabled in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112, and seeking prospective relief pursuant to *Ex Parte Young*.

Defendants filed this motion to dismiss on two grounds. First, Defendants move for dismissal under Rule 12(b)(1), arguing that Plaintiff's ADA claim, brought against Suehs in his official capacity under *Ex Parte Young*, is barred by sovereign immunity to the extent it seeks front pay monetary relief. Second, Defendants move for dismissal under Rule 12(b)(6), contending that Plaintiff fails to state a claim under either the ADA or the Rehabilitation Act because she alleges only a temporary condition rather than a disability.

## II. Legal Standard

"The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The Court may find the subject matter jurisdiction to be lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Id.* at 763 (quoting *Ramming*, 281 F.3d at 161). In making its finding, the Court "must accept as true all non-frivolous allegations of the complaint." *Id.* (quoting *McClain v. Pan. Canal Comm'n*, 834 F.2d 452, 454 (5th Cir. 1987)).

"Because [11th Amendment] sovereign immunity deprives the [C]ourt of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Under the *Ex Parte Young* doctrine, "[t]he Eleventh Amendment does not protect state officials from prospective relief when it is alleged that the state officials acted in violation of federal law." *Id.* A claim for damages "cannot overcome the Eleventh Amendment's barrier even with the help of *Ex Parte Young*." *Walker v. Livingston*, 381 Fed.Appx. 477, 479 (5th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). The purpose of Rule 8 is to require parties to state their claims with sufficient clarity "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests' . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party against whom a claim is brought to move to dismiss the pleading for failure to state a claim upon which relief can be granted. If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the claim as a matter of law. In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Additionally, the facts are construed favorably to the plaintiff. *Id*.

To state a claim under the Rehabilitation Act or the ADA, Plaintiff must establish that (1) she is disabled within the meaning of the ADA, (2) she is qualified and able to perform the essential functions of her job, and (3) her employer fired her because of her disability. *See Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999). Since the 2008 ADA Amendments Act (ADAAA), a person is considered disabled if she has been "regarded as having [an] impairment" where such an impairment resulted in the person being "subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C.A. § 12102(1)(C); 42 U.S.C.A. § 12102(3).

### III. Analysis

Defendants argue that Plaintiff's ADA claim brought pursuant to *Ex Parte Young* is barred by the Eleventh Amendment to the extent it seeks front pay. Defendants further claim that Plaintiff fails to state a claim under the ADA or the Rehabilitation Act because Plaintiff only alleged that she

had a temporary condition rather than a disability.

**A. Front Pay**

Plaintiff's claim against Defendant Suehs seeks relief in the form of reinstatement to her former position of employment with HHSC or front pay in lieu of reinstatement. Defendants contend that the front pay relief is barred by Eleventh Amendment sovereign immunity.

The *Ex Parte Young* doctrine provides an exception to sovereign immunity, permitting suits that seek only prospective injunctive relief. *See Walker*, 381 Fed.Appx. at 478. "'Front Pay' is a form of prospective relief, consisting of the future lost earnings of a victim of employment discrimination." *Koppman v. South Cent. Bell Telephone Co.*, 1992 WL 280793 *4 (E.D. La. July 12, 1992) (citing *Deloach v. Delchamps*, 897 F.2d 815, 822 (5th Cir. 1990)). The Fifth Circuit has held that front pay is an appropriate alternative to reinstatement when reinstatement is not a practical possibility. *Deloach*, 897 F.2d at 822. However, the Supreme Court has explicitly held that "money damages or its equivalent" is not an available relief when sovereign immunity is invoked. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

Plaintiff contends that, as a substitute for reinstatement, front pay is both an equitable remedy and a form of prospective relief like reinstatement, and thus is not barred by the Eleventh Amendment under *Ex Parte Young*. The Fifth Circuit does not appear to have considered this issue, but the courts that have considered it have generally concluded that a front pay award is barred by Eleventh Amendment immunity. *See Campbell v. Arkansas Dept. of Correction*, 155 F.3d 950, 962 (8th Cir. 1998) ("For purposes of the eleventh amendment ... front pay is not analogous to the prospective relief permitted under *Ex parte Young* because it 'must be paid from public funds in the state treasury.'"); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996); *Pechon v. La. Dept. of Health*

5

*& Hospitals*, Civ. A. No. 08-0664, 2009 WL 2046766 at *1 (E.D. La. July 14, 2009 ) ("[I]t is well-settled that compensatory damages in the form of lost future wages or front-pay, are not prospective or recoverable in an official-capacity action brought pursuant to § 1983."); *Rush v. Perryman*, Civ. A. No. 1:07-CV-00001, 2007 WL 2091745 at *3 (E.D. Ark. July 17, 2007); *Landesburg-Boyle v. State of La.*, Civ. A. No. 03-3582, 2004 WL 1516823 (E.D. La. July 2, 2004). The Court finds these decisions persuasive, and dismisses Plaintiff's request for front pay as barred by the Eleventh Amendment.

**B. Failure to State ADA and Rehabilitation Act Claims for Failure to Allege a Disability**

Plaintiff asserts claims under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the ADA, 42 U.S.C. § 12112.  Defendants argue that Plaintiff failed to allege that she was an individual with a disability, that Plaintiff affirmatively negated a finding of disability by alleging that she was only temporarily impaired and was recuperating, and that Plaintiff made merely conclusory statements that HHSC regarded her as disabled.

Plaintiffs' response to the motion makes clear that she is not asserting that she is disabled for purposes of the Rehabilitation Act or ADA; rather, she claims only that she was regarded as disabled despite her ability to return to work soon.  The term "disability means, with respect to an individual" both "a physical or mental impairment that substantially limits one or more major life activities of such individual" *and* "being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12101(1).  Paragraph 3 provides that:

> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

>   (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

*Id.* § 12101(3). The regulations state that "[t]his means that the individual has been subjected to an action prohibited by the ADA as amended because of an actual or perceived impairment that is not both 'transitory and minor.'" 29 C.F.R. § 1630.2(g)(1). The Fifth Circuit has noted that the 2008 amendments to this definition make it "easier to bring cases arising from episodic disability." *Hodges v. ISP Tech.*, ___ F.3d ___ (5th Cir. June 3, 2011) (slip copy).

Defendant relies upon cases applying the much narrower, pre-ADAAA definition of "regarded as" disabled, which are not relevant. However, Defendants do argue that Plaintiff alleges "no facts that suggest she was regarded by HHSC as disabled," and in fact she affirmatively alleges that she told HHSC that she would be able to return to work soon.

Plaintiff alleges that she was hired on September 14, 2009; that before her discharge in May 2010 she had been absent from work for a period of approximately eleven weeks being treated for and attempting to recuperate "from a serious medical condition that had disabled her from working during that period"; that despite her assurances to HHSC that she would be able to return to work, HHSC concluded that she was permanently disabled and decided to discharge her rather than await her return to work.

Thus, Plaintiff alleges that she was subjected to an action prohibited by the ADA (termination) because of an actual impairment, which satisfies § 12101(3)(A). Construing § 12101(3)(B), the regulations note that it may be a defense to a charge of discrimination by an individual claiming coverage under the "regarded as" prong of the definition of disability that the impairment is "transitory and minor." 29 U.S.C. § 1630.15(f).

> To establish this defense, a covered entity must demonstrate that the impairment is both "transitory" and "minor." Whether the impairment at issue is or would be "transitory and minor" is to be determined objectively. A covered entity may not defeat "regarded as" coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor; rather, the covered entity must demonstrate that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) both transitory and minor. For purposes of this section, "transitory" is defined as lasting or expected to last six months or less.

*Id.*

Because this is a defense to the claim, it would be appropriate to dismiss under Rule 12(b)(6) only if the defense is apparent from the face of the complaint. Defendants assert that it is apparent because Plaintiff told HHSC that she would be able to return to work in May. However, it is not apparent from the face of the complaint that Plaintiff's impairment lasted less than six months or was otherwise "transitory" or "minor" as defined by the regulations. Accordingly, the motion to dismiss must be denied.

## Conclusion

Defendants Motion to Dismiss (Docket No. 8) is GRANTED IN PART and DENIED IN PART. Plaintiff's request for front pay in lieu of reinstatement with regard to her ADA claim is DISMISSED WITHOUT PREJUDICE. Defendants motion is otherwise DENIED.

It is so ORDERED.

SIGNED this 6th day of September, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE