UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLAIRE DUBE, | § | |
| | § | |
|  *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-11-CV-354-XR |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION and THOMAS | § | |
| M. SUEHS, Executive Commissioner of the | § | |
| Texas Health and Human Services | § | |
| Commission, | § | |
| | § | |
|  *Defendants*. | § | |

**ORDER ON MOTION FOR RECONSIDERATION**

On this date, the Court considered Defendants' Motion for Reconsideration (docket no. 13). Defendants ask the Court to reconsider its decision to deny their motion to dismiss Plaintiff's claims under Rule 12(b)(6). Defendants previously moved to dismiss Plaintiff's ADA and Rehabilitation Act claims on the basis that Plaintiff failed to plead facts demonstrating that she satisfied the "regarded as" criteria for disability. Defendants argue that the Court incorrectly placed the burden on them to demonstrate that the impairment was transitory and minor, and that regardless of who has the burden, Plaintiff has affirmatively alleged that her impairment was transitory and minor.

The term "disability" includes "being regarded as having . . . an impairment (as described in paragraph (3))." 42 U.S.C. § 12101(1).  Paragraph 3 provides that:

> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

1

> (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

*Id.* § 12101(3). The Court noted in its prior order that, in construing § 12101(3)(B), the regulations state that it may be a defense to a charge of discrimination by an individual claiming coverage under the "regarded as" prong of the definition of disability that the impairment is "transitory and minor." 29 C.F.R. § 1630.15(f). The regulations state that,

> To establish this defense, a covered entity must demonstrate that the impairment is both "transitory" and "minor." Whether the impairment at issue is or would be "transitory and minor" is to be determined objectively. A covered entity may not defeat "regarded as" coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor; rather, the covered entity must demonstrate that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) both transitory and minor. For purposes of this section, "transitory" is defined as lasting or expected to last six months or less.

*Id.* Because the regulations place the burden on the defendant to demonstrate that the impairment is both transitory and minor, the Court concluded that dismissal under Rule 12(b)(6) would be appropriate only if it was apparent from the face of the Complaint that Plaintiff's impairment was both transitory and minor. The Court concluded that it was not so apparent, and denied the motion.

In the motion for reconsideration, Defendants state that they intended to file a reply, and ask the Court to reconsider its ruling "in light of recent authority that Defendants should have been allowed to present in a timely filed Reply brief."[1] Defendants assert that *Dugay v. Complete Skycap Services, Inc.*, Civ. A. No. 10-2404, 2011 WL 3159171 (D. Ariz. July 26, 2011) and *Budhun v.*

---

[1] Defendants state that their deadline to file a reply was September 6, 2011, the date on which the Court issued its order on their motion. While it is true that a reply filed on September 6 would have been timely, Local Rule CV-7(e) plainly states that "the court need not wait for the reply before ruling on the motion." In the future, counsel may wish to alert the Court's clerk that counsel intends to file a reply.

*Reading Hosp. & Med. Ctr.*, Civ. A. No. 10-6921, 2011 WL 2746009 (E.D. Pa. July 14, 2011), have interpreted the ADA's "shall not apply" language as a Rule 12(b)(6) pleading requirement rather than a summary judgment issue, and that this case should "be reconciled" with those authorities.

However, neither *Dugay* nor *Budhun* discussed the regulations or the burden of proof on the issue of whether the impairment was transitory and minor. Rather, in both those cases the burden of proof would have been irrelevant as the courts found that it was apparent from the face of the pleadings that the impairment was transitory (*i.e.*, lasted less than six months). In *Dugay*, the plaintiff's accident occurred on May 28, 2009 and he received full clearance to return to work effective September 7, 2009. Thus, the court held, the "actual duration of the disability was just over three months" and the plaintiff failed to state a claim. In *Budhun*, the plaintiff sought leave to amend her complaint to allege a "regarded as" claim under the ADA. However, her proposed amended complaint indicated that the plaintiff fractured her fifth metacarpal on July 30, 2010 and could return to work on October 4, 2010. Thus, the courts in both cases found that it was apparent from the face of the pleadings that the plaintiff's impairment was transitory.

Defendants argue that, contrary to the regulations, the ADA's statutory language places the burden on the plaintiff to show that the impairment is not transitory and minor. However, the statute does not appear to do so. The ADA provides that a person is disabled if she is regarded as disabled as defined in paragraph 3. Paragraph 3(A) then states that "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." Thus, the "regarded as" requirements are met if a prohibited action is taken because of an actual or perceived impairment. The ADA does not say that the "regarded as" requirements are met if a

3

prohibited action is taken because of an actual or perceived impairment that is not transitory or minor. Rather, Paragraph 3(B) then states that "Paragraph (1)(C) shall not apply to impairments that are transitory and minor." Thus, the ADA is somewhat ambiguous regarding the burden of proof on the issue of whether an impairment is transitory or minor.

However, the "shall not apply" language is consistent with a defense, as construed by the regulations. The regulations clearly place the burden of proof on the defendant – section 1630.15(f) is located in the section of the regulations entitled "defenses." The regulations state that the defendant must demonstrate that the impairment is both "transitory" and "minor." The amount of deference due to the regulations is unsettled. *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 n.4 (5th Cir. 2009) ("While the Supreme Court has not decided what deference, if any, is due to implementing regulations issued by the EEOC, it has relied on these regulations in analyzing cases, particularly when neither party to a case challenges their reasonableness."). Though Defendants are challenging the regulations in this instance, they have not demonstrated that the regulations are unreasonable or contrary to the statutory language. Further, the Fifth Circuit has stated that the regulations "provide significant guidance" and may be cited as persuasive authority. *Waldrip v. General Elec. Co.*, 325 F.3d 652, 655 n.1 (5th Cir. 2003). The Court therefore concludes that Defendants have the burden to prove that the impairment was transitory and minor.

Turning to the pleadings in this case, it is not apparent from the face of the Complaint that Plaintiff's impairment was transitory and minor. Plaintiff alleges that she was hired on September 14, 2009; that prior to being discharged on May 13, 2010 she had been absent from work for a period of approximately eleven weeks being treated for and attempting to recuperate from a serious medical condition that had disabled her from working during that period of time; and that on May 6, 2010 she advised HHSC that she expected to be able to return to work sometime during the week of May 24,

2010.

Defendants contend that this affirmatively shows that Plaintiff's "impairment (not being able to work) was removed after eleven weeks." However, Defendants erroneously equate the concept of impairment with not being able to work. A physical or mental impairment is "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine." 29 C.F.R. § 1630.2(h)(1). An impairment is not the inability to work. The ADA provides that paragraph (1)(C) shall not apply "to impairments that are transitory and minor." 42 U.S.C. § 12102(3)(B). Thus, we must focus on whether *the impairment* is transitory (*i.e.*, lasts less than six months), not whether the plaintiff was disabled from working for less than six months.

Here, Plaintiff alleges that an impairment (a "serious medical condition") existed, *and* that it disabled her from working for eleven weeks. However, there is no allegation regarding the duration of the impairment, only that it disabled her from working for eleven weeks. The impairment could have lasted much longer than that, and in fact could have existed before Plaintiff even began working for HHSC. Accordingly, it is not apparent from the pleadings that Plaintiff's impairment was transitory.

Defendants' Motion for Reconsideration (docket no. 13) is DENIED.

SIGNED this 8th day of September, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE